UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
AGUEDA SANTANA,

                     Plaintiff,         11-CV-6044

        v.                           **DECISION**
                                            **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security,[1]

                     Defendant.
_____

    Plaintiff, Agueda Santana ("Plaintiff"), brings this action pursuant to Title XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI"). (Docket No. 1.) Plaintiff applied for SSI on June 19, 2007, alleging a disability due to panic attacks and auditory hallucinations. Her application was initially denied and a hearing was held on September 17, 2009 before administrative law judge ("ALJ") Wallace Tannenbaum. Transcript of the Administrative Proceedings ("Tr.") at 17-23. Plaintiff, represented by counsel, appeared and testified at the hearing. Tr. 24-444. ALJ Tannenbaum

---

[1]The Court notes that Plaintiff, proceeding *pro se*, filed a form Complaint against the Commissioner of Social Security. This Court granted Plaintiff's application to proceed *in forma pauperis* and Ordered the Clerk of the Court to cause the United States Marshal to serve copies of the Summons and Complaint on the Commissioner. (Docket No. 3.) Plaintiff also apparently attempted to serve a Summons and Complaint on the U.S. Attorney General and the U.S. Attorney's Office, and such parties were thereafter added as named Defendants to the caption of this case. (Docket No. 5-6). However, the U.S. Attorney General and the U.S. Attorney's Office are not named as Defendants in the Complaint and the Complaint contains allegations related only to the denial of Plaintiff's disability application by the Commissioner. Accordingly, the Clerk of the Court is directed to remove the U.S. Attorney General and the U.S. Attorney's Office from the caption in this case.

then issued an unfavorable decision on September 25, 2009 and the Appeals Council denied Plaintiff's request for review on January 5, 2011.  Plaintiff then filed this action on January 27, 2011.

The Commissioner now moves to remand this case to the Social Security Administration for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Docket No. 9.) The Commissioner contends that the ALJ improperly determined that there was insufficient medical evidence to support Plaintiff's application, without first properly developing the record pursuant to 20 C.F.R. §§ 404.1512(d) and 416.912(d).  Plaintiff, proceeding *pro se*, has neither opposed nor responded to the Commissioner's request.

A review of the record indicates that, with respect to Plaintiff's mental impairment, the ALJ only considered medical records from the year 2007 and the ALJ did not consider medical records with respect to any physical impairment. Tr. at 19, 21. However, Plaintiff testified at the hearing in 2009 that she had consistently sought treatment for her mental health problems during the previous two-year period - including seeing a psychiatrist and a therapist at St. Mary's Mental Health Center as many as two times per week. Tr. at 34.  Plaintiff also testified that she sought medical treatment for certain physical impairments during the period between 2007 and 2009. While the administrative record does not contain this evidence, it was the ALJ's duty to fully develop the record. See 20 C.F.R. § 404.1512(d) ("Before we make a

determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application...."). Where the ALJ fails to fully develop the record before making an unfavorable determination, remand to the Social Security Administration is appropriate. See Schaal v. Apfel, 134 F.3d 496, 505 2d Cir. 1998.

This Court finds that the ALJ failed to properly develop the administrative record with respect to both Plaintiff's mental and physical impairments according to the applicable regulations. Accordingly, the case is hereby remanded to the Social Security Administration for further proceedings consistent with this opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to remand this case to the Social Security Administration is granted. The Clerk of the Court is also directed to remove the U.S. Attorney General and the U.S. Attorney's Office from the caption of this case.

**ALL OF THE ABOVE IS SO ORDERED.**

 s/Michael A. Telesca  
MICHAEL A. TELESCA  
United States District Judge

Dated:   Rochester, New York  
         October 24, 2011